MARTINEZ M. EDWARDS,

        Plaintiff,

      v.                           Case No. 24-cv-127-bhl

SGT. MARTINEZ, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Martinez M. Edwards, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Edwards' motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Edwards has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Edwards has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $21.20. The Court will grant Edwards' motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Edwards is an inmate at the Milwaukee Secure Detention Facility. Dkt. No. 1. Defendants are Sgt. Martinez, CO Pashh, Health Service Unit (HSU) Assistant Nurse, Dwilette Archer, and Sylvia Longrie-Pleester. *Id.* at 1.

2

Edwards has stomach issues from a gunshot wound to his abdomen. *Id*. at 2. He reported these issues to HSU, Sgt. Martinez, and CO Pashh at the time he was booked into the institution, as well as "multiple" other times since booking. *Id*. at 3. On December 6, 2023, Edwards asked for bath tissue, but CO Pashh prolonged delivering it. *Id*. at 2-3. About an hour and a half later, Edwards had an accidental bowel-movement in his cell that got all over his body. *Id*. After the accident, Edwards again asked CO Pashh and Sgt. Martinez for bath tissue or an emergency shower to clean off his body, but they denied his requests. *Id*. As a result, Edwards had to sit in his own feces, that covered his body, until the following day, December 7, 2023, when someone in the next shift finally agreed to help him. *Id*. at 2-3. Edwards told Sgt. Martinez that he was in pain following the incident, and she reported that she had called HSU for medical care, but no one from HSU arrived to provide medical care. *Id*. For relief, Edwards seeks monetary damages. *Id.* at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Edwards asks to proceed on an Eighth Amendment conditions-of-confinement claim. Dkt. No. 1. To state a claim, Edwards must allege that: (1) he was subjected to conditions that were so adverse that they deprived him "of the minimal civilized measure of life's necessities;" and (2) Defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987)). Edwards must allege that Defendant knew of and disregarded an excessive risk to his health or safety. *Johnson v.*

3

*Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *Id.*

Edwards alleges that Sgt. Martinez and CO Pashh denied him bath tissue or a shower following a bowel-movement accident and forced him to sit in his own feces, that covered his body, between December 6, 2023 and December 7, 2023. Based on these allegations, Edwards has alleged enough to allow the potential inference that Sgt. Martinez and CO Pashh may have violated the Eighth Amendment by subjecting Edwards to cruel and unhygienic conditions-of-confinement. Therefore, Edwards may proceed on an Eighth Amendment conditions-of-confinement claim against Sgt. Martinez and CO Pashh in connection with the December 6, 2023 and December 7, 2023 incident at the Milwaukee Secure Detention Facility.

The Court will dismiss HSU Assistant Nurse, Archer, and Longrie-Pleester from the case. Edwards alleges no specific facts against any of these individuals. It's unclear who they are, what they said or did in connection with this incident, and why he believes they violated his constitutional rights. Therefore, HSU Assistant Nurse, Archer, and Longrie-Pleester will be dismissed from the case based on lack of personal involvement. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of [others].").

**CONCLUSION**

The Court finds that Edwards may proceed on an Eighth Amendment conditions-of-confinement claim against Sgt. Martinez and CO Pashh in connection with the December 6, 2023 and December 7, 2023 incident at the Milwaukee Secure Detention Facility

**IT IS THEREFORE ORDERED** that Edwards' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that HSU Assistant Nurse, Archer, and Longrie-Pleester are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Edwards' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Martinez and CO Pashh.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Martinez and CO Pashh shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Edwards shall collect from his institution trust account the **$320.80** balance of the filing fee by collecting monthly payments from Edwards' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Edwards is transferred to another institution, the transferring institution shall forward a copy of this Order along with Edwards' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Edwards is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Edwards is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Edwards may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on April 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6