UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTINEZ M. EDWARDS,

        Plaintiff,

        v.                                              Case No. 24-cv-127-bhl

ZOILA MARTINEZ, et al.,

        Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION
### FOR ORDER TO BE MOVED TO A NEW INSTITUTION

---

      Plaintiff Martinez M. Edwards, who is representing himself, is proceeding on an Eighth Amendment conditions-of-confinement claim in connection with allegations that Defendants Zoila Martinez and Courtney Paasch forced him to sit in his own feces for two days at the Milwaukee Secure Detention Facility. Dkt. Nos. 1 & 11. On May 10, 2024, Edwards filed a "motion for order to be moved to a different institution," which the Court will construe as a motion for a preliminary injunction. Dkt. No. 15. Edward states without detail his belief that staff at the institution have been treating him poorly since he filed his complaint, "indirectly and directly on numerous occasions." *Id*. He also complaints that he has attempted to use grievance procedures at the institution to resolve the issue, but responses have been slower than he would like, and he speculates that he may be getting punished for filing his lawsuit. *Id*. He explains this is causing him stress and he may become even more mentally impaired. *Id*. He acknowledges that he is already set to be transferred to a new institution, but it could take up to 18 months because he is a "priority C" transfer. *Id*. Edwards asks the Court to transfer him to a new institution sooner. *Id*.

      A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555

U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A preliminary injunction is only appropriate if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *See Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage.").

      The Court will deny Edward's request. First, the allegations in the complaint and the relief requested in his letter differ. While both relate to mistreatment he claims he is receiving from staff, the nature of that mistreatment matters and the relief he requests are different. In his complaint, Edwards claims that Martinez and Paasch forced him to sit in his own feces for two days and he seeks monetary damages. His motion alleges that other staff are treating him poorly, which he speculates is due to his complaint, and he seeks a transfer. Because the matters differ, the Court cannot grant his request in the lawsuit. While his allegations of retaliation, if true, are serious, Edwards must raise those with the institution through its procedures before raising them in this Court. Second, even if the matters he is now complaining about where part of his lawsuit, the relief he seeks—a transfer to a new institution—is not the least intrusive means necessary to correct the harm alleged. Indeed, it is not this Court's job to manage prisoner transfers. Prison officials are entrusted with broad authority to manage their institutions, including deciding where inmates are housed and at which institution. They must also make decisions on transfer requests,

the priority level of those requests, and/or when and how transfers should be conducted. The Court lacks the detailed knowledge and expertise to make such decisions and nearly always, except in the most extreme situations, must defer to prison officials' judgment. Edwards' letter does not describe the rare scenario where Court intervention is necessary or appropriate.

The Court encourages Edwards to exhaust all avenues for relief at the institution and to follow the proper procedures for doing so. If, at that point, has not gotten relief, he may initiate a separate lawsuit alleging retaliation. The Court also encourages Defendants to avoid even the appearance of retaliation. But, at this point and in this case, the Court will not order Edwards moved to a new institution and his motion is denied.

**IT IS THEREFORE ORDERED** that Edwards' motion for order to be moved to a new institution (Dkt. No. 15) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 17, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge