MARTINEZ EDWARDS,

        Plaintiff,

      v.                                          Case No. 24-cv-127-bhl

ZOILA MARTINEZ, *et al.*,

        Defendants.

# DECISION AND ORDER

    Plaintiff Martinez Edwards, who is representing himself, is proceeding on an Eighth Amendment conditions-of-confinement claim in connection with allegations that Defendants Zoila Martinez and Courtney Paasch denied him toilet paper and/or an emergency shower following a bowel-movement accident, causing him to sit in his own feces for days at the Milwaukee Secure Detention Facility in December 2023. Dkt. Nos. 1 & 11. On February 3, 2025, Defendants filed a motion for summary judgment. Dkt. No. 46. Because no reasonable jury could find that Defendants were deliberately indifferent, the Court will grant Defendants' motion for summary judgment and dismiss the case.

## PRELIMINARY MATTERS

    Before turning to the substance of Defendants' motion for summary judgment, the Court must address the fact that Edwards failed to comply with the Court's summary judgment procedures. *See* Civ. L. R. 56 (E.D. Wis). Pursuant to the local rules, a party opposing a motion for summary judgment must file a response to the moving party's statement of undisputed facts and to set forth any additional facts that bear on the motion. *See* Civ. L. R. 56(b)(2). These requirements allow the Court to identify which, if any, of the facts are in dispute and the bases for

any such disputes. The opposing party's response must reproduce each numbered paragraph of the moving party's statement of facts followed by a response to each paragraph. *See* Civ. L. R. 56(b)(2)(B). If the fact is disputed, the party must include a specific reference to an affidavit, declaration, or other part of the record that supports the claim that a genuine dispute exists as to the fact stated by the moving party. *Id.* If the opposing party believes there are additional facts that prevent the entry of summary judgment, he should include a statement, consisting of short, numbered paragraphs that set forth each additional fact and include references to the affidavits, declarations, or other parts of the record that support the assertion. *See* Civ. L. R. 56(b)(2)(B)(ii).

On February 3, 2025, Defendants notified Edwards of his obligations in responding to their proposed facts. As required by this Court's local rules, Defendants reproduced Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 in their motion for summary judgment. *See* Dkt. No. 46. The following day, on February 4, 2025, the Court entered a Notice and Order emphasizing that Edwards was required to "support every disagreement with a proposed fact by citing to evidence." Dkt. No. 52 at 1. The Court also warned that "failure to comply with the requirements of Civ. L. R. 56 may result in sanctions up to and including the Court granting Defendants' motion." *Id.* at 2.

Although Edwards purports to "dispute" a number of Defendants' proposed findings of fact, he has not complied with the rules in multiple ways. *See* Dkt. No. 55. His response does not reproduce each numbered proposed finding of fact. Nor does he respond to the proposed fact by admitting or denying it or cite to any evidence that would support a genuine dispute exists as to the fact stated by Defendants. The Seventh Circuit has "routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Schmidt v. Eagle Waste & Recycling Inc.*, 599 F.3d 626 (7th Cir. 2010) (citation omitted). Therefore, the Court will deem admitted Defendants' proposed findings of fact, especially those facts over which

2

he would have no personal knowledge. *See Phoneprasith v. Greff*, No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

**UNDISPUTED FACTS**

Edwards is an inmate at the Milwaukee Secure Detention Facility, where Martinez is a sergeant and Paasch is a correctional officer. Dkt. No. 48, ¶¶1-3. The parties agree that the incident giving rise to this lawsuit occurred during a two-day period—between December 6, 2023 and December 7, 2023—when Edwards was housed in a "wet cell" at the institution. *Id*., ¶4; *see also* Dkt. No. 55. Inmates in a wet cell have access to a toilet and running water at all times, as well as two yellow tops, two yellow bottoms, two T-shirts, two pairs of undergarments, two pairs of socks, and one bath towel in the cell with them. Dkt. No. 48, ¶¶4-6. Toilet paper rolls are generally available for pick up any time during dayroom hours. *Id*., ¶8. When the dayroom is not open, inmates can request toilet paper from staff. *Id*. It is the inmate's responsibility to plan ahead and ensure that he has an adequate supply of toilet paper in his cell. *Id*.

At some point on December 6, 2023, Edwards asked CO Paasch for toilet paper. *Id*., ¶10. CO Paasch explains that December 6 was an "in-service training day," so she could not immediately accommodate the request. *Id*., ¶¶7 & 10. She states that an in-service training day occurs on the first and third Wednesday of each month; and notice is posted ahead of time to remind inmates that programming, recreation, routine activities, and movement may be disrupted on those days for staff training, so inmates need to plan ahead to take care of business and personal needs. *Id*., ¶7. CO Paasch states that she was able to give Edwards a roll of toilet paper at the end of her shift around 10:00 p.m. *Id*., ¶11. Edwards clarifies that she only did so "after I informed her that I defecated myself over the intercom around 9:30 p.m.- 9:45 p.m." Dkt. No. 55, ¶11. In other words, once CO Paasch was notified about Edwards defecating on himself, it took her about 15-30 minutes to get him the toilet paper that he had requested earlier in the day. *See id*. CO Paasch then left for the day. Dkt. No. 48, ¶14.

3

About 20 minutes later, at around 10:22 p.m., Edwards complained to Sgt. Martinez of abdominal pain. *Id*. Sgt. Martinez contacted a nurse in the Health Services Unit (HSU), who directed her to tell Edwards to fill out a blue slip, drink water, and lay down. *Id*., ¶15. About 40 minutes later, at 11:00 p.m., Edwards hit his intercom again and told Sgt. Martinez that he was unable to get on his bed. *Id*., ¶17. Sgt. Martinez called the nurse again, who said she was "going to notify third shift about it." *Id*. Sgt. Martinez conducted wellness rounds to check on Edwards at 11:06 p.m. and 11:57 p.m. *Id*., ¶¶18 & 21. Correctional Officer Zetino (not a defendant) conducted wellness rounds at 1:08 am, 2:04 a.m., 3:00 a.m., 4:00 a.m., and 5:00 a.m. *Id*., ¶22. At 6:15 a.m., correctional staff conduced a "standing count, " where inmates must stand still with straight arms at their sides, and not lean against the doors or walls. *Id*., ¶24. Edwards appeared normal during all of those checks. *Id*., ¶¶18, 21, 22, & 24.

According to Sgt. Martinez, Edwards never told her that he defecated himself or needed an emergency shower at any point on December 6 or December 7; and she states that there is no notation in the logbooks of a complaint/request from Edwards for an emergency shower or of a foul smell emanating from him or his cell during any of the rounds or wellness checks that occurred on those days. *Id*., ¶¶14, 16, 17, 18, 19, 22, 23, 25. According to Edwards, he repeatedly asked for an emergency shower and Sgt. Martinez denied it. Dkt. No. 55, ¶¶15-18. Edwards states that he didn't get a shower until the "next shift." *Id*. The following day, on December 8, 2023, Edwards saw medical staff, who noted a rash on his buttock and prescribed an ointment. Dkt. No. 48, ¶¶27-28.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th

4

Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

The Eighth Amendment requires inmates to be provided with "humane conditions of confinement." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This right includes "'reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities.'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). "Extreme deprivations are required" to trigger the Eighth Amendment, *see Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001), and "routine discomfort[s]" do not suffice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To defeat summary judgment, Edwards must show that a factfinder reasonably could conclude that the conditions of confinement "exceeded mere discomfort and were constitutionally unacceptable." *Est. of Simpson v. Gorbett,* 863 F.3d 740, 745 (7th Cir. 2017).

In evaluating an Eighth Amendment claim, the Court conducts both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective prong asks whether the alleged

5

deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id*. To satisfy this standard, "the official must have actually known of and consciously disregarded a substantial risk of harm." *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022).

Based on the undisputed record, no reasonable jury could find in Edwards' favor on either prong. With respect to the objective prong, it is undisputed that Edwards was confined in a cell with a toilet, running water, a towel, and extra sets of clothing. This means that Edwards had the means to clean himself using running water and a towel following his bowel-movement accident, and he had access to extra clothing. Edwards was also notified of the in-service training day ahead of time and was encouraged to plan ahead to make sure he had taken care of personal needs. Although Edwards may have wanted toilet paper and an emergency shower immediately when he asked, he was not left to sit in his own feces for days at a time (as he had alleged in his original complaint). Additionally, a large part of the problem was his own conduct, *i.e.,* his failure to clean himself using available items in his cell and his failure to plan ahead to secure toilet paper before the routinely scheduled and noticed in-service training day. In light of all the items available to him in his cell, Edwards did not suffer "constitutionally unacceptable" conditions of confinement, and this would be true even if Defendants had done *nothing* in response to his bowel-movement accident.

With respect to the subjective prong, Edwards admits that CO Paasch brought him toilet paper at around 10:00 p.m., about 15-30 minutes after he told her he had a bowel-movement accident. In other words, CO Paasch took prompt action once she was notified of a more urgent need for toilet paper. No reasonable jury could find her action rose to the level of deliberate indifference. Further, the 15-30 minute "delay" in receiving toilet paper was also a reasonable amount of time to wait, especially on an in-service training day when Edwards knew to plan ahead

6

because staff had other priorities at the institution. With respect to Sgt. Martinez, she allegedly denied an emergency shower altogether, and he had to wait until the next shift to shower. But, again, in light of the fact that Edwards had access to running water, a towel, and a change of clothing in his cell, her alleged denial does not amount to a disregard of a substantial risk of harm. In sum, Edwards' bowel-movement accident may have been uncomfortable, but mere discomfort does not violate the constitution. *See Farmer,* 511 U.S. at 833–34 (noting that prison conditions may be uncomfortable and even "harsh" without violating the Eighth Amendment); *see also Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the Eighth Amendment "does not mandate comfortable prisons."). Therefore, Defendants have met their burden to show that they are entitled to summary judgment. *See e.g. Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (holding that there was no constitutional violation where prison officials failed to provide prisoner with toilet paper for five days).

In response, Edwards disputes that December 6 was an in-service training day and he claims that the logbooks and incident reports are false and/or inaccurate. *See* Dkt. No. 55. But, as noted in the section above, he has put forth no evidence to genuinely dispute the proposed facts. Moreover, as discussed above, even if he had the capacity to dispute those facts, it would be irrelevant because he did not suffer constitutionally unacceptable conditions of confinement in the first place. Edwards explains that he did not want to "destroy state property" by using his towel to clean himself, and he states that he only had one set of extra clothing (not two sets of extra clothing). But even if he had no extra clothing, he was in a cell with running water and a towel, which he could have used to clean himself and temporarily clean his clothing. To the extent Edwards chose not to use the means available to clean himself, that was his own decision. This was not a circumstance forced on him by Defendants. Toward that end, Edwards cannot create a set of conditions for himself then claim that the conditions <u>he</u> created for himself are constitutionally unacceptable or someone else's fault. Finally, Edwards states numerous times that

7

both Defendants *knew* he had defecated himself and still delayed the toilet paper and shower. But given the standard items available to Edwards in his cell to clean himself, no reasonable jury could find that Defendants' failure to immediately act on December 6 and December 7 amounted to deliberate indifference. Defendants are therefore entitled to summary judgment and the Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 46) is **GRANTED**; and this case is **DISMISSED**. The Clerk's office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.